**AMERICAN OIL COMPANY, Appellant,**
**v.**
**Glen F. DASTUGUE, Appellee.**
**No. 20087.**

United States Court of Appeals
Fifth Circuit.
April 29, 1963.

508

Murphy Moss, Paul B. Deal, New Orleans, La., Lemle & Kelleher, New Orleans, La., for appellant.

Edward C. Alker, New Orleans, La., Alker & Janssen, Milton W. Janssen, New Orleans, La., for appellee.

Before PHILLIPS *, CAMERON and WISDOM, Circuit Judges.

CAMERON, Circuit Judge.

This is an appeal from a jury verdict and judgment against the lessor of a service station and in favor of an employee of the lessee-operator of the station. Appellee was burned in a fire allegedly caused by the negligent acts of appellant in its role of owner of the realty upon which the fire occurred.

When the accident occurred, appellee Dastugue had been employed for about four weeks by one Gremillion, the lessee-operator of the station. He had previously worked for Gremillion's predecessor lessee for about a week, and continued working at the station when Gremillion took over its operation. Appellee's claim against appellant American Oil Company are not based upon any sort of agency theory; American's alleged liability is based upon the charge that it was negli-

gent in that an unsafe heater and a defective ventilating fan were provided in the office of the station.

Appellant was washing down the floor of the station office with gasoline when the fumes were ignited by the pilot light of a panel ray heater, the light being situated approximately twelve to fourteen inches from the floor. He was severely burned and the jury returned a verdict for $50,000.

Appellant moved for a directed verdict and judgment n. o. v. on the ground that, as a matter of law, no negligence on its part was shown; and, alternatively, that appellee was guilty of contributory negligence, also as a matter of law. Appellant argues that the court below was in error in refusing to grant the motions. In addition, appellant urges error *inter alia* in the court's instructing the jury that it might consider lost earnings as an element of damage, contending that no evidence of loss of earnings was introduced at the trial.

Appellee's theory of liability rests upon his charge that appellant negligently furnished a heater with the pilot light so near the floor as to be dangerous; and that it negligently failed to repair a ventilating fan which, if in good condition, would, under the circumstances relied on, have cleared the room of fumes to the extent that the fume volume would have remained below the danger point. It is undisputed that gasoline fumes settle, being heavier than air.

We cannot say, after a careful review of the record, that the court below was in error in refusing to grant a directed verdict or judgment n. o. v., on the proof before it; and it is not necessary, therefore, to detail the conflicting evidence from which the jury reached its decision. We do, however, reverse and remand for a new trial because of two errors committed by the court below: (1) its error in instructing the jury on the appellee's claim to loss of earnings when there was no proof of loss of earn-

* Of the Tenth Circuit, sitting by designation.

ings in the record, e. g., Greyhound Corporation v. Ault, 1956, 5 Cir., 238 F.2d 198; and (2) its manifest acceptance, as the chief basis of liability, of a Parish ordinance [1] which we think inapplicable to the case developed in the trial as revealed to us by the record. It is our opinion that this ordinance is not applicable under the facts of this case, since it is clear from the record that no "volatile, flammable liquids" were "used or stored" in the office of this service station except the gasoline brought in by appellee. We think that, on another trial, this ordinance should not be before the court or jury, and that the question of negligence vel non should be tried under the general law of negligence in force in Louisiana.

Reversed and remanded for a new trial.

---

1. Section A of Article 1108, Building Code and Related Regulations of Jefferson Parish:

"Special Hazards. In any room in which volatile, flammable liquids are used or stored no device generating a glow or flame capable of igniting gasoline vapors shall be installed or used within twenty-four inches of the floor."